**FILED**

FEB 1 6 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert G. Modrall,          )
                            )
        Plaintiff,          )
                            )
v.                          )
                            )
Tracy L. Biggs,             )
                            )
        Defendant.          )

Case: 1:16-cv-00242
Assigned To : Unassigned
Assign. Date : 2/16/2016
Description: Pro Se Gen. Civil (F Deck)

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The application will be granted, and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).

Plaintiff's purported complaint is actually a one-paragraph letter addressed to "Your Honor," complaining about an attached letter he received from the defendant in her capacity as an Attorney with the Disclosure Unit of the U.S. Office of Special Counsel ("Office"). Plaintiff alleges that he presented the Office "with overwhelming evidence of a host of Federal crimes

*N*

being committed by Federal officials upon the American people causing not only a significant threat to public health and safety but also to our national security." In response, defendant informed plaintiff that the Office lacks jurisdiction over his request for an investigation because (1) he is not a federal employee, and (2) the information he has provided does not appear to relate to prior federal employment. Compl. Attach (Jul. 16, 2015 letter, citing 5 U.S.C. § 1213(a)(1)). Plaintiff views defendant's response as "blatant gross negligence and criminal misconduct [that] is absolutely unacceptable." He "demand[s] a full investigation, dismissal, indictment, and prosecution before any more innocent children are harmed."

Under the applicable statute captioned: "Provisions relating to disclosures of violations of law, gross mismanagement, and certain other matters," the Office of Special Counsel is obligated to review and, if appropriate, to investigate "any disclosure of information by an employee, former employee, or application for employment which [that individual] reasonably believes evidences a violation of any law, . . . or gross mismanagement, a gross waste of funds, . . . or a substantial specific danger to public health or safety[.]" 5 U.S.C. § 1213(a)-(c). Plaintiff does not claim to be a member of the covered group. Thus, defendant correctly determined that her office lacked jurisdiction to review plaintiff's request. A separate order of dismissal accompanies this Memorandum Opinion.

Date: February __/ / __, 2016

_____
United States District Judge

_J. Boasberg_